STATE OF NORTH CAROLINA
v.
BILLY PEPPERS
No. COA09-772.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.
Kevin P. Bradley, for Defendant.
BEASLEY, Judge.
On 18 November 2008 Defendant pled guilty to sexual battery and second-degree kidnapping. The trial court accepted Defendant's plea and, pursuant to a plea arrangement, Defendant was sentenced to thirty-six to fifty-three months in prison, with certain conditions. After sentencing Defendant, the trial court conducted a hearing to determine if Defendant was required to enroll in satellite-based monitoring. The trial court found that Defendant was a recidivist, and ordered him to enroll in lifetime satellite-based monitoring. From this judgment, Defendant appeals. We affirm.
On appeal, Defendant argues that the trial court erred by ordering him to enroll in lifetime satellite-based monitoring. We disagree.
N.C. Gen. Stat. § 14-208.40 (2009)(a) directed the Department of Correction to "establish a sex offender monitoring program that uses a continuous satellite-based monitoring system[.]" The satellite-based monitoring system (SBM) monitors three categories of offenders, including "[a]ny offender who is convicted of a reportable conviction as defined by G.S. 14-208.6(4) and who . . . is a recidivist . . . [as] defined in G.S. 14-208.6." N.C. Gen. Stat. § 14-208(a)(1) (2009).
When a defendant is convicted of certain offenses, N.C. Gen. Stat. § 14-208.40A (2009) requires the court to conduct a hearing. The statute states in relevant part:
(a) When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), during the sentencing phase, the district attorney shall present to the court any evidence that . . . (ii) the offender is a recidivist[.]
. . . .
(c) If the court finds that the offender . . . is a recidivist . . . the court shall order the offender to enroll in a satellite-based monitoring program for life. (emphasis added).
N.C. Gen. Stat. § 14-208.6 (2009) defines relevant terms, including the following:
(2b) "Recidivist" means a person who has a prior conviction for an offense that is described in G.S. 14-208.6(4).
. . . .
(4) "Reportable conviction" means: a. A final conviction for . . . a sexually violent offense[.] . . .
(5) "Sexually violent offense" means a violation of . . . G.S. 14-27.5A (sexual battery)[.]
Defendant first argues that requiring him to enroll in SBM "violates the constitutional prohibitions of cruel and/or unusual punishment." Defendant does not dispute that N.C. Gen. Stat. § 142-08.40A required the trial court to conduct an SBM hearing after he was convicted of sexual battery. Nor does he challenge the trial court's findings that Defendant was a recidivist who had been convicted of more than one reportable offense, as those terms are defined by statute. Further, Defendant does not dispute that, upon finding that a defendant is a recidivist, the trial court was required to order him to enroll in SBM. Thus, Defendant is challenging the law itself, rather than arguing that it was inapplicable to him.
In State v. Bare, ___ N.C. App. ___, 677 S.E.2d 518 (2009), the defendant also appealed an order to enroll in SBM. This Court concluded that "the legislature intended SBM to be a civil and regulatory scheme." Bare, ___ N.C. App. at ___, 677 S.E.2d at 524. The Court then determined that:
[w]e hold that the restrictions imposed by the SBM provisions do not negate the legislature's expressed civil intent. Defendant has failed to show that the effects of SBM are sufficiently punitive to transform the civil remedy into criminal punishment.
Id. at ___, 677 S.E.2d at 531.
In the instant case, Defendant argues that, because he was "only" convicted of misdemeanor sexual offenses, the order to enroll in SBM constituted a cruel and unusual punishment. However, this Court has already determined in Bare that SBM is not a punishment, thus cannot be a "cruel and/or unusual" punishment. This assignment of error is overruled.
Defendant also argues that the trial court violated the requirements of N.C. Gen. Stat. § 15A-1024 (2009) by requiring him to enroll in SBM "without first permitting [Defendant] the opportunity to withdraw his guilty plea." We disagree.
N.C. Gen. Stat. § 15A-1024 states that:
[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
In the instant case, Defendant was sentenced exactly as provided in the plea arrangement. Defendant's argument, that enrollment in SBM transformed the sentence into one "other than provided for in a plea arrangement" is premised on the assumption that SBM was a criminal punishment. In Bare, the Defendant made a similar argument that "the trial court violated N.C. Gen. Stat. § 15A-1022 when it failed to inform him that imposition of SBM would be a direct consequence of his plea." This Court noted that N.C. Gen. Stat. § 15A-1022 (2009) provides in relevant part:
(a) . . . [A] superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:
. . . .
(6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge[.]
N.C. Gen. Stat. § 15A-1022(a)(6) (2009). This Court rejected the defendant's argument and held that:
Defendant's argument is predicated on the assumption that SBM is a punishment. Because we determined the SBM provisions are not punitive, N.C. Gen. Stat. § 15A-1022(a) is not implicated.
Thus, this Court has already held that SBM is not a punishment and is not part of the "sentence" whose terms must be explained to a defendant before the trial court accepts a guilty plea. We conclude that Bare's holding controls the outcome of the present case, and that the requirement that Defendant enroll in SBM does not change a sentence into one that is different from the sentence to which Defendant agreed in a plea arrangement. This assignment of error is overruled.
For the reasons discussed above, we conclude that the trial court did not err by ordering Defendant to enroll in SBM. The judgment of the trial court is
Affirmed.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).